UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES, | : | |
| V. | : | Crim. No. 3:01CR159 (DJS) |
| FRANKLYN BURGOS, | : | PETITION FOR CLARIFICATION OF A JUDGMENT. |
| Defendant. | : | |

COMES NOW, Franklyn Burgos, the defendant in the above referenced matter, who was sentenced on the 17th day of December, 2001, following a guilty plea, to a term of 120 months of imprisonment, for violating 18 U.S.C. § 922(J) (Possession of a Stolen Firearm), to run concurrent with, at that time, an undischarged term of imprisonment (State of Connecticut, New Britain, CR01-13830, 13831); hereby requests that this Court clarify the record for the Federal Bureau of Prisons failure to issue the defendant all prior jail time credit; and for such other and further relief as this Court may deem just and proper.

Respectfully,

Franklyn Burgos
14340-014
FCI Raybrook
P.O. Box 900
Raybook, NY
12977
#246126

October 12, 2005

To: AUSA

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES,

V.

FRANKLYN BURGOS,
     Defendant.,

Crim. No. 3:01CR159 (DJS)

AFFIRMATION IN SUPPORT

---

Franklyn Burgos, affirms under the penalties of perjury:

1. That I am the defendant in the above referenced matter, who following a guilty plea to One Count of Possession of a Stolen Firearm, in violation of 18 U.S.C. § 922(J), this Court sentenced me to a term of 120 months of imprisonment, to be run concurrent with an undischarged State term of imprisonment, imposed, under Case No.'s CR01-13830, and 13831.

2. That following this Court's sentencing proceeding on December 17, 2001, I was committed to the Federal Bureau of Prisons on March 19, 2002; and upon my committment, I was transfered to FCI Raybrook, located in Raybrook, New York.

3. A time computation sheet was issued on August 2, 2005, in which an assessment was made as to prior jail time credit which I was entitled to as per this Court's sentencing Order. According to the BOP's computation, I am being credited for prior jail time from March 23, 2001 until April 29, 2001; and from July 30, 2001 until September 12, 2001 (147 days in total).

4. It is respectfully submitted however, that the BOP's time assessment is incorrect. As part of my plea agreement with

2

the United States Attorney's Office, my plea was premised on the understanding that I would receive a fully concurrent term of imprisonment to the undischarged State term. That my counsel assured me that I would be credited with all prior time spent awaiting disposition; and that my federal time would commence Nunc Pro Tunc; starting from, at the earliest, March 23, 2001.

5. That my State term of imprisonment was also run concurrent to the instant federal term imposed, and which was also based on this understanding.

6. According to the BOP's policy as to Time Computation, which I was not informed of prior to the plea agreement; 18 U.S.C. § 3585(b)(2) prevents me from receiving Prior Jail Credit which was also credited toward the State term imposed. That this policy is binding upon the BOP, and despite my various requests for this jail time credit, I will not be credited with time from April 30, 2001 until July 29, 2001; and from September 12, 2001 until February 10, 2002.

7. That this Court has the authority to reimpose the instant federal term, Nunc Pro Tunc from March 23, 2001; which instant offense occurred. Rule 36, Federal Rules of Criminal Procedure, states:

> Clerical mistakes in judgments, orders, or other parts of the record and errors in the record arising from oversight or omission may be corrected at any time and after such notice, if any, as the court orders.

8. That it is asserted that as a result of this Courts', counsel's and the United States Attorney's oversight as to the applicable BOP policy as to awarding prior jail time credit; I am being held for a period of time which essentially exceeds that for which I pled guilty to, and was sentenced. That this Court may issue an Order, for resentencing Nunc Pro Tunc, beginning from the date of the instant federal offense, on March 23, 2001 (See Annexed Sentencing Monitering Good Time Data).

Wherefore, because of the foregoing, it is respectfully requested that this Court grant the relief requested herein, and for such and further relief as this Court may deem just and proper.

October 14, 2005

Respectfully,

Franklyn Burgos
14340-014
FCI Raybrook
P.O. Box 9004
Raybrook, NY
12977

4