UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| **v.** | :     3:01CR159(DJS) |
| | : |
| **FRANKLYN BURGOS** | : |

### ORDER

Now pending before the court is defendant Franklyn Burgos's petition for clarification of a judgment **(dkt. # 19),** who was sentenced by this court on December 17, 2001 after his plea of guilty for transporting or manufacturing firearms in violation of 18 U.S.C. § 922(a)(1)(A). Burgos was sentenced to 120 months imprisonment with three years of supervised release to follow. Burgos moves the court to order the Federal Bureau of Prisons ("BOP") to recalculate his release date. Burgos does not challenge the legality of his sentence.

Burgos's motion, however, is not the appropriate mechanism through which to pursue the aforementioned relief. See United States v. Wilson, 503 U.S. 329, 335 (1992) (finding that the Attorney General, through the Bureau of Prisons, has the responsibility for administering sentences and crediting jail time). "After a defendant is sentenced, it falls to the BOP, not the district judge to determine . . . whether the defendant should receive credit for the time spent in custody before the sentenced commenced . . . ." United States v. Pineyro, 112 F.3d

43, 45 (2d Cir. 1997) (*per curiam*) (citations and internal quotation marks and punctuation omitted); see also United States v. Montez-Gavira, 163 F.3d 697, 700-701 (2d Cir. 1998) ("The Bureau of Prisons, and not the courts, determines when a defendant's sentence starts and whether the defendant should receive credit for any prior time spent in custody").

Only after administrative remedies are exhausted may a prisoner seek judicial relief of any jail-time credit determinations. Martinez v. United States, 19 F.3d 97 (2d Cir. 1994) (*per curiam*), Rogers v. United States, 180 F.3d 349, 358 (1st Cir. 1999). Accordingly, should Burgos wish to pursue this matter, he must first exhaust his administrative remedies with the BOP, and then file a civil action with the district court pursuant to 28 U.S.C. § 2241.

Burgos's petition for clarification of a judgment **(dkt. # 29)** is **DENIED**.

**SO ORDERED** at Hartford, Connecticut, this 25th day of October, 2005.

**/s/DJS**
_____
**DOMINIC J. SQUATRITO**
**UNITED STATES DISTRICT JUDGE**